WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—March, 1887.

## MATTER OF BURLING.

*In the matter of the estate of* SAMUEL BURLING, *deceased.*

An administrator with a will annexed, appointed upon the death of the sole surviving executor, is not within the purview of Code Civ. Pro., § 2724, in so far as that section restricts the power of a Surrogate, to permit or

compel an accounting by an executor or administrator, to cases where one year has elapsed since letters were issued to him.

SAMUEL BURLING left a last will and testament, by which he bequeathed several general legacies, payable at the legal period, but gave to the executors, in trust, $3,500, with directions to invest and pay the income to Ann Sutton during her life, with remainder over. Letters testamentary were issued, in April, 1868, to Joshua Sutton and Mellis S. Tilton, the executors, who in due time settled the estate, except only as to the trust fund. Tilton's letters were subsequently revoked, in consequence of his removal from the State, and the executor Sutton died. Then Ann Sutton died in the latter part of 1886, and, on the 7th day of January, 1887, John C. Burling and William Burling were appointed administrators with the will annexed. John C. Burling, having the trust fund in his possession, now presented a petition, praying for a citation, with a view to an accounting and a distribution of the same, and submitted the question, whether he might institute the proceeding at once, or should await the expiration of a year from the date of his letters.

L. C. PLATT, *for the petitioner.*

THE SURROGATE.—It is true that § 2724 of the Code seems to restrict the power of the Surrogate, to entertain or compel an accounting by an administrator, to cases where one year has elapsed since letters were issued to him; and that no provision is made, in that respect, in regard to an administrator with the will annexed, or an administrator *de bonis non.* In either case, he is called an "administrator," and as such,

some have supposed he was within the purview of the above section; and this view, it was thought, was strengthened by 2 R. S., 72, § 22, which provides that an administrator with the will annexed shall observe and perform the will, and shall have the rights and powers, and be subject to the same duties *as if he had been named executor in the will.* This, it would seem, relates to his future rights, powers and duties. If an inventory has been filed by his predecessor, he cannot be required to file one. If notice was duly given, by the former, to creditors to present claims, and the time limited has expired while he was acting, no new notice should be given by the latter. If the estate is in a condition to be finally settled and distributed when it is devolved on the successor, he may proceed to the accounting at once. He simply steps into the place of the deceased legal representative, and his relations to the estate are precisely the same as those of his predecessor were at the time of his death. He discharges, simply, his unfinished duties; except that the execution of an uncompleted personal trust, or a naked power to sell real estate, will not devolve upon him. There is no such trust or power involved in this case.

The proceeding for a judicial settlement will be entertained, in accordance with the prayer of the petition.